# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| Bill.com, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>Danielle Cox,<br><br>         Defendant. | **DECLARATION OF STEVEN JANUARIO IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND SUPPORTING MEMORANDUM**<br><br>Case No. |

I, Steven Januario, pursuant to 28 U.S.C. § 1746, declare:

1.      I am over the age of 18 and have personal knowledge of the matters contained herein. I could and would testify competently to such facts if called as a witness.

2.      I am currently employed as the Deputy Chief Information Officer and Vice President for Information Technology for Bill.com, LLC ("BILL"). In my role, I am responsible for nearly 30 other employees, including those in the company's Information Technology ("IT") group. Until her termination from BILL, I was the direct supervisor of Danielle Cox.

3.      BILL was founded in 2006 as a provider of automated, cloud-based software for financial operations and end-to-end payments. Over the last 16 years and through several acquisitions as well as organic growth, BILL has grown into a leading provider of cloud-based financial operations software to tens of thousands of other businesses.

4.      BILL's operations are dependent upon the safety and security of its electronic information and data systems. BILL has spent nearly two decades developing proprietary and confidential information about its personnel, operations, business plans and strategies, and

marketing plans. Because of the sensitivity of that information, along with the sensitivity of the financial information that BILL's customers entrust to it, BILL invests significant amounts of time and money into its physical computing systems, as well as the personnel who maintain BILL's networks and information.

5.      As a Director of Information Technology in BILL's IT group, Cox was given enhanced access and credentials to BILL's electronic systems. That enhanced access gave Cox direct access to the information that drives BILL's success as an organization, and specifically with regard to information about its ongoing operations and business plans.

6.      Because of the critical nature of BILL's confidential and trade secret information and how it allows BILL to succeed, BILL closely guards its confidential information and trade secrets. BILL takes specific measures to restrict access to and preserve the confidentiality of this information, including, but not limited to, the following:

    a.  Requiring its employees to sign agreements containing covenants designed to maintain confidentiality and to return BILL property upon termination of their employment with BILL;

    b.  Prohibiting its employees from using, copying, divulging, or otherwise disseminating or disclosing BILL confidential information outside of BILL;

    c.  Restricting access to BILL confidential information on a "need to know" basis;

    d.  Requiring employees with access to BILL's systems to acknowledge and agreed to adhere to policies regarding the use of that information, including but not limited to an Acceptable Use Policy;

    e.  Requiring employees to access BILL's systems using secure Virtual Private Network connections; and

    f.  Requiring employees to use unique login credentials and passwords to access BILL's confidential information.

7.     BILL rigorously maintains the confidentiality of its information because the information provides BILL a competitive advantage in the marketplace from which it derives economic value. Any BILL competitor who improperly possessed and used this confidential information, particularly about BILL's operations and business plans, would gain an immediate and unfair competitive advantage, and would be able to unfairly compete with BILL.

8.     My understanding is that on or about December 2, 2022, Ms. Cox accessed and downloaded nearly 5,800 emails from my BILL email account: every email from approximately July 5, 2022 through December 2, 2022. The emails in my BILL account that Ms. Cox accessed and downloaded contain some of BILL's most sensitive confidential and trade secret information, including information about the company's personnel, operations, business plans and strategies, and marketing plans, along with privileged attorney-client communications regarding other matters involving the company.

9.     I also understand that Ms. Cox accessed and exported data from BILL's corporate Slack account, including a manual expert of the company's entire Slack database. Such an export would include the internal messaging of every BILL employee. While I cannot speak to the exact data that such an export would include, I am familiar with how BILL's employees use Slack in their day-to-day communications. An export of BILL's entire Slack database would almost certainly include highly-sensitive, confidential, and trade secret information regarding the company's operations and plans.

10.     I did not grant Ms. Cox permission to access or download my emails, nor to export the company's Slack data. I cannot think of any legitimate business reason why Ms. Cox would have needed that information, particularly on her last day before going on leave. company's

3

DocuSign Envelope ID: AD7F6342-0B61-451A-9945-3DDF7E451A23

personnel, operations, business plans and strategies, and marketing plans, along with privileged attorney-client communications regarding other matters involving the company.

11.     Because of Ms. Cox's intimate knowledge of BILL's electronic systems and data, Ms. Cox is uniquely positioned to cause BILL substantial harm through the misuse of BILL's confidential and trade secret information.

12.     Ms. Cox's use and threatened disclosure of BILL's confidential and trade secret information places BILL's goodwill, customer relationships, trade secrets, and confidential and proprietary information at significant risk of destruction or loss, which cannot be adequately addressed at law. Ms. Cox's actions have already irreparably harmed, and will continue to irreparably harm, the value of BILL's confidential and trade secret information.


[signature page follows]

DocuSign Envelope ID: AD7F6342-0B61-451A-9945-3DDF7E451A23

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of January, 2023.

DocuSigned by:

*Steve Januario*

6AB3ADFCBC3E4FB...

Steven Januario