# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| BILL.COM, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DANIELLE COX,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:23-cv-26-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff Bill.com, LLC, moves for a temporary restraining order. The court has carefully reviewed Plaintiff's motion, the complaint, the affidavits and exhibits submitted with the motion, and subsequent filings. For the following reasons, the motion is **GRANTED IN PART.**

## FINDINGS OF FACT

1. Plaintiff has submitted substantial evidence that Defendant Danielle Cox, its former Director of Information Technology, is obligated by contract to "hold in strictest confidence and . . . not disclose, discuss, transmit, use, lecture upon, or publish any Proprietary Information, except as such disclosure, discussion, transmission, use, or publication may be required in connection with [her] Service, or unless the Chief Executive Officer or Board of Directors of the Company expressly authorizes such disclosure in writing," and, upon termination of her employment, to "deliver all Company property; including but not limited to laptops." Dkt. No. 5-2 ¶¶ 2–8, Ex. 1 §§ 2.1, 11.

2. Plaintiff has submitted substantial evidence that Defendant was also subject to Plaintiff's Acceptable Use Policy, which provides that confidential information is the sole

property of Plaintiff; that employees must report unauthorized uses of confidential information; that employees may only access, use, or share proprietary information to the extent doing so is authorized and necessary to fulfill their assigned job duties; that employees may not sync personal cloud accounts to company devices; and that employees may not use other employees' accounts, disable or interfere with security features, or attempt to gain unauthorized access to Plaintiff's accounts. *See* Dkt. No. 1-3 at §§ 4.1, 4.3; Dkt. No. 5-2 ¶ 9.

3. Plaintiff has submitted substantial evidence that Defendant requested and was granted a leave of absence that began on Monday, December 5, 2022. *See* Dkt. No. 5-2 ¶ 12.

4. Plaintiff has submitted substantial evidence that on December 19, 2022, members of its Security Operations Center began an investigation into suspicious activity on Defendant's account. *See* Dkt. No. 5-3 ¶ 8.

5. Plaintiff has submitted substantial evidence that the investigation established the following facts: that on December 2, 2022, Defendant used her administrator credentials to access and download nearly 5,800 emails from the account of her supervisor, Steven Januario; that Defendant used her company-issued laptop to download the emails and that the emails were subsequently moved to a folder that synced with an iCloud account called "danielle.cox@getdivvy.com"; that between November 30, 2022, and December 7, 2022, Defendant used her administrative credentials to request five exports of data from Plaintiff's Slack account, including at least one export of Plaintiff's entire Slack database; and that between December 5, 2022, and December 20, 2022, Defendant conducted searches through the email accounts of Mr. Januario and two other employees. *See* Dkt. No. 5-3 ¶¶ 8–14.

6. Plaintiff has submitted substantial evidence that Defendant did not have permission or any reason related to her job duties to access or download these emails or to

export Plaintiff's Slack data and that Mr. Januario's email account and Plaintiff's Slack database contained trade secrets and other sensitive confidential information, including information about the company's personnel, operations, plans, strategies, and attorney-client communications. *See* Dkt. No. 5-1 ¶¶ 8–10.

7. Plaintiff has submitted substantial evidence that it subsequently discovered that Defendant altered the email retention settings on her email account on December 2, 2022, so that deleted emails would be permanently destroyed after one day and that on December 5, 2022, after any emails Defendant deleted on her last day of work before her leave would have been permanently destroyed, Defendant returned the email retention settings to the default setting. *See* Dkt. No. 5-3 ¶¶ 17–20.

8. Plaintiff has submitted substantial evidence that there is no reason why Defendant would change these settings except to attempt to hide her unauthorized access to, and exfiltration of, Plaintiff's data and systems. *See id.* ¶ 20.

9. Plaintiff has submitted substantial evidence that it suspended Defendant's access to Plaintiff's systems on December 21, 2022; that its representatives attempted to contact Defendant on December 22, 2022, to request an explanation and the immediate return of her company laptop and any data belonging to Plaintiff, but that Defendant ignored these attempts to contact her; that Plaintiff's counsel sent a cease-and-desist letter to Defendant on December 29, 2022, but did not receive a response from Defendant; and that Plaintiff terminated Defendant's employment on January 9, 2023, and a representative of Plaintiff spoke with Defendant by telephone that day to inform her that Plaintiff would pursue legal action if she did not return its property and data. *See* Dkt. No. 5-2 ¶¶ 13–16, Ex. 4.

10. Plaintiff filed this action on January 11, 2023, and it moved for a temporary restraining order the next day. *See* Dkt. Nos 1, 5.

11. The court ordered Plaintiff to serve Defendant with a summons and a copy of the complaint, a copy of the motion, and a copy of its order, and it ordered Defendant to respond to the motion within three days of her receipt of service. *See* Dkt. No. 7.

12. Plaintiff represents that it attempted to serve Defendant personally and to notify her of this action electronically; that Plaintiff's counsel also communicated with Ms. Michele Anderson-West, who identified herself as counsel for Defendant; that, on January 13, 2023, Plaintiff's counsel sent Ms. Anderson-West the summons, complaint, motion, and the court's order, thereby notifying Defendant of this action and the pending motion; that on January 16, 2023, Ms. Anderson-West represented that she would accept service on behalf of Defendant; and that although Plaintiff's counsel asked Ms. Anderson-West to sign a form acknowledging receipt of service, Ms. Anderson-West has not responded. *See* Dkt. Nos. 12-1, 12-3.

## CONCLUSIONS OF LAW

1. "To obtain a temporary restraining order, plaintiff must meet the same standard required to obtain a preliminary injunction." *AAAG-California, LCC v. Kisana*, 2020 WL 278879, at *2 (D. Utah Jan. 19, 2020). Plaintiff "must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to [Plaintiff] if the injunction is denied; (3) the threatened injury outweighs the harms that the [temporary restraining order] may cause [Defendant]; and (4) the [temporary restraining order], if issued, will not adversely affect the public interest." *Aposhian v. Barr*, 958 F.3d 969, 978 (10th Cir. 2020).

4

2.	Based on its review of the available evidence and briefing, the court concludes that Plaintiff has established a substantial likelihood of success on its claims for breach of contract, conversion, and misappropriation of trade secrets.

3.	In particular, Plaintiff has presented substantial evidence that Defendant has breached her contractual obligations and violated Plaintiff's Acceptable Use Policy, that Defendant has interfered with Plaintiff's use and possession of its property by failing to return her company-issued laptop upon her termination, and that Defendant acquired trade secrets from Plaintiff by improper means by secretly downloading and reviewing other employees' emails, exfiltrating Plaintiff's Slack database without a legitimate reason, and attempting to cover up her actions. *See* Utah Code Ann. 13-24-2(1).

4.	Based on the available evidence and briefing, the court concludes that Plaintiff faces irreparable harm absent a temporary restraining order. In particular, Plaintiff has made a substantial showing that a temporary restraining order enjoining Defendant from using or disclosing any of Plaintiff's confidential, proprietary, or trade secret information and requiring Defendant to return to Plaintiff all such information and the company-issued laptop computer is necessary to protect against the disclosure or loss of Plaintiff's trade secrets, confidential and proprietary information, and competitive advantage.

5.	Based on the available evidence and briefing, the court concludes that the threatened injury to Plaintiff outweighs any injury that Defendant would suffer from the relief granted by this order.

6. Based on the available evidence and briefing, the court concludes that the relief granted by this order would not adversely affect the public interest. To the contrary, the court concludes that this relief may serve the public interest by protecting trade secrets and valuable proprietary information and by preserving evidence of potential wrongdoing.

## TEMPORARY RESTRAINING ORDER

1. For the foregoing reasons, Plaintiff's motion is **GRANTED IN PART**.

2. Defendant Danielle Cox and all parties in active concert or participation with her are hereby enjoined from using or disclosing any of Plaintiff's confidential, proprietary, and/or trade secret information.

3. Defendant Danielle Cox and all parties in active concert or participation with her are hereby ordered to return to Plaintiff all originals and copies of all files, data, information, or documents that contain or relate to Plaintiff's confidential, proprietary, and trade secret information, including without limitation all electronic media. Electronic media shall be returned through a third-party forensic computer expert in order to preserve relevant metadata.

4. Defendant Danielle Cox shall immediately return to Plaintiff the laptop computer that Plaintiff issued her without altering or deleting any data on the device.

5. Because the limited relief granted by this order enjoins Defendant from disclosing only information that she is already required by law not to disclose and requires Defendant to turn over only property belonging to Plaintiff, there is no evidence of a likelihood of harm to Defendant, and the court accordingly finds that Plaintiff is not required to give security under Federal Rule of Civil Procedure 65(c).

  6. Plaintiff shall provide prompt notice and a copy of this order to Defendant by emailing a copy of this order to counsel for Defendant.

  7. This order is issued at 9:30 PM MST on January 21, 2023, and will expire at 9:30 PM MST on February 4, 2023.

  8. The court will hold a hearing on Plaintiff's motion for a preliminary injunction on February 3, 2023, at 1:30 PM MST in in Room 7.300 of the Federal Courthouse located at 351 S. West Temple, SLC, UT 84101.

  **IT IS SO ORDERED.**

            Dated this 21st day of January, 2023.
            BY THE COURT:

            _____
            Howard C. Nielson, Jr.
            United States District Judge